IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO BERNARD GONZALES,

                      Plaintiff,                  OPINION AND ORDER

    v.

                                                          24-cv-371-wmc

DOCTOR ROLON,

                      Defendant.

---

Plaintiff Antonio Gonzales is a prisoner at Columbia Correctional Institution ("Columbia") and representing himself. In this case, he alleges that Dr. Rolon, a doctor in Columbia's psychological services unit, has wrongfully refused to refer him to Wisconsin Resource Center. Gonzales requests leave to proceed without prepayment of the filing fee after having already "struck out" under 28 U.S.C. § 1915(g) by filing three previous civil actions while imprisoned that were dismissed for failure to state a claim. *See Gonzales v. Auth*, 15-cv-464, dkt. #8 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Dep't of Health Services*, 15-cv-465, dkt. #10 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Zinn*, 15-cv-598, dkt. #8 (E.D. Wis.) (dismissed July 23, 2015). For the reasons explained below, plaintiff may not proceed without prepayment of the filing fee now, but the court will allow him until November 4, 2024, to either file an amended complaint alleging imminent danger of serious physical injury or pay the filing fee.

OPINION

Under § 1915(g), a prisoner is not allowed to proceed with another civil action in federal court without first paying the filing fee after three or more of his civil actions or

appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to this three-strikes rule is if plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

Here, in a one-paragraph complaint, Gonzales alleges that Dr. Rolon refused to refer him to Wisconsin Resource Center where he could "get stable on better meds," "get [himself] better," and "stop self[-]harming." Gonzales' alleged self-harming is concerning, but his allegations are too vague for the court to determine whether he was in imminent danger of causing himself serious physical harm at the time he filed his complaint.

Thus, the court concludes that Gonzales is currently barred from proceeding without prepaying the full $405 filing fee. Nevertheless, the court will allow Gonzales 30 days to file an amended complaint with more details about: (1) when he harmed himself; (2) what harm he caused himself (e.g., injuries he caused himself); and (3) what Dr. Rolon did about his acts of self-harm. If Gonzales files an amended complaint by the deadline, the court will review it for imminent danger of serious physical injury. *Alternatively*, he may pay the $405 filing fee. If he pays the filing fee by the deadline below, the court will screen his complaint under 28 U.S.C. § 1915A. If he does not amend his complaint or pay the fee by the deadline, the court will dismiss this case.

ORDER

IT IS ORDERED that: plaintiff may have until November 4, 2024, to either amend his complaint or pay the $405 filing fee for this case. Otherwise, this case will be dismissed without prejudice.

Entered this 3rd day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge